■ DIVISION STREET HOTEL CORP., Doing Business as AMERICAN HOTEL, et al., Appellants, v VILLAGE OF SAG HARBOR, Respondent. [875 NYS2d 586]—

In a hybrid action for a judgment declaring, inter alia, that

the Village of Sag Harbor exceeded its statutory authority in permanently omitting 90% of the properties in the Village of Sag Harbor from inclusion in its public sewer system, and proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Village of Sag Harbor, inter alia, to extend its sewer system to include all properties in the Village of Sag Harbor and to adopt a new rate structure for the imposition of sewer rents, and in the nature of mandamus to review the defendant-respondent's determinations as to the amount of sewer rent charged, as embodied in the sewer rent statements issued to the plaintiffs-petitioners in the fiscal years 2003-2004, through 2007-2008, the plaintiffs-petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 24, 2007, as granted, in part, that branch of the motion of the Village of Sag Harbor which was for summary judgment dismissing, as time-barred, the cause of action for a declaratory judgment in the second amended complaint-petition, and granted those branches of the defendant-respondent's motion which were for summary judgment dismissing that portion of the second amended complaint-petition which was in the nature of mandamus to compel and dismissing, in part, that portion of the second amended complaint-petition which was in the nature of mandamus to review.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted those branches of the defendant-respondent's motion which were for summary judgment dismissing that portion of the second amended complaint-petition which was in the nature of mandamus to compel and dismissing, in part, that portion of the second amended complaint-petition which was in the nature of mandamus to review, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant-respondent's motion which was for summary judgment dismissing, as time-barred, so much of the first cause of action in the second amended complaint-petition as was for a judgment declaring that the defendant-respondent exceeded its statutory authority in permanently omitting 90% of the properties in the Village of Sag Harbor from inclusion in the subject sewer system; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1976, under the authority of Village Law § 14-1400, which

allows for the establishment of a village sewer system, the defendant-respondent Village of Sag Harbor, promulgated a local law, the Sanitary Sewer Law (Local Law No. 3 [1976] of Village of Sag Harbor; Code of Village of Sag Harbor ch 43), establishing a sewer system which was to include all premises within the Village. However, only certain portions of the Village were designated as "service areas," in which the system would be in actual use. The remainder of the Village fell into areas designated as either "construction areas," in which construction of the sewer system had commenced, but the system was not in actual use, or "deferred areas," in which construction had been temporarily omitted or deferred. The Sanitary Sewer Law also provided for the imposition of sewer rents, imposed only upon those properties connected to the system. The owners, or tenants of owners, of commercial real property located in the Village and connected to the sewer system (hereinafter the plaintiffs/petitioners) commenced this hybrid declaratory judgment action and CPLR article 78 proceeding against the Village, essentially challenging the legality of the partial sewer system and the rate structure for the imposition of sewer rents.

The Supreme Court erred in granting that branch of the Village's motion which was for summary judgment dismissing, as time-barred, so much of the first cause of action in the second amended complaint-petition as was for a judgment declaring that the Village exceeded the statutory authority conferred by Village Law § 14-1400 by permanently omitting 90% of the Village properties from inclusion in the system. The Village failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing this portion of the second amended complaint-petition as barred by the statute of limitations. Triable issues of fact exist, inter alia, as to when, and if, the Village permanently omitted 90% of the Village properties from inclusion in the system and whether any such action was in excess of the Village's authority.

However, the Village established its prima facie entitlement to judgment as a matter of law dismissing, as time-barred, so much of the first cause of action in the second amended complaint-petition as was for a judgment declaring that the Village exceeded its statutory authority under Village Law § 14-1400 by imposing, in the form of sewer rents, all of the initial costs of constructing and financing the sewer system on the properties actually connected to the system. The Village established that the imposition of sewer rents on the connected properties was provided for in the Sanitary Sewer Law promulgated in 1976, some 28 years before the commencement of this

hybrid action and proceeding in 2004. In response to this showing, the plaintiffs-petitioners failed to raise a triable issue of fact. In light of our determination, we need not reach the issue of whether the Supreme Court properly dismissed this portion of the second amended complaint-petition on the merits.

The plaintiffs-petitioners' remaining contentions are without merit. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur. [*See* 2007 NY Slip Op 33479(U).]